IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ORLANDO LAWRENCE and
JOAN CIMO, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.

THE BERKLEY GROUP, INC.,
TOWER RESORTS REALTY, INC.
ALWAYS TRAVEL WITH US, INC.
and BRUCE POLANSKY, individually,

    Defendants.
_____/

## COMPLAINT

NOW COME the Plaintiffs, ORLANDO LAWRENCE and JOAN CIMO, by and through the undersigned attorney and bring this action under the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.), hereinafter "the Act," to recover unpaid back wages, unpaid overtime compensation, future lost wages, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

    1.    Jurisdiction of this action is conferred by Section 16(b) of the Act (29 USC 216(b)).

**COUNT I**
**(ORLANDO LAWRENCE and JOAN CIMO vs. THE BERKLEY GROUP, INC.)**

    2.    Defendant THE BERKLEY GROUP, INC. (hereinafter BERKLEY), at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business at 3015 North Ocean Blvd, Suite 121, Fort Lauderdale, FL, where it has been engaged in the vacation and timeshare business.

3. At all times hereinafter mentioned, Defendant BERKLEY having been engaged in related activities performed through unified operation or common control for a common business purpose: having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

4. At all times hereinafter mentioned, Defendant BERKLEY employed employees, including Plaintiffs who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203 (b) and (j)).

5. During the period from April, 2007 to April, 2010, Defendant BERKLEY, employed Plaintiff ORLANDO LAWRENCE in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate him for his employment in excess of 40 hours per week at a rate of at least one-half (½) and/or one and one-half (1½) times the regular rate at which he was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay him the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

6. During the period from September, 2009 to January 2010, Defendant BERKLEY employed Plaintiff JOAN CIMO, in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate her for her employment in excess of 40 hours per week at a rate of at least one-half (½) and/or one and one-half (1½) times the regular rate at which she was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay her the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

7. As a result of the underpayments of wages alleged above, Defendant BERKLEY, is indebted to Plaintiff ORLANDO LAWRENCE in the amount of the unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff ORLANDO LAWRENCE, and the compensation he received in workweeks in which excess hours were worked, are in exclusive possession and under the sole custody and control of the Defendant BERKLEY.

8. As a result of the underpayment of wages alleged above, Plaintiff ORLANDO LAWRENCE estimates that Defendant BERKLEY is indebted to Plaintiff in the amount of $30,194.39, which amount Defendant BERKELY refused to pay. This is only a portion of the wages owed to Plaintiff ORLANDO LAWRENCE. Upon receipt of discovery from Defendant Plaintiff will calculate the total damages due.

9. Pursuant to Section 16(b) of the Act, Plaintiff ORLANDO LAWRENCE is entitled to the recovery of a reasonable attorney's fee.

10. As a result of the underpayments of wages alleged above, Defendant BERKLEY is indebted to Plaintiff JOAN CIMO in the amount of the unpaid minimum wages and overtime

compensation and back pay. The complete records concerning the number of hours worked by Plaintiff JOAN CIMO and the compensation she received in workweeks in which excess hours were worked, are in the exclusive possession and under the sole custody and control of the Defendant BERKLEY.

11. As a result of the underpayment of wages alleged above, Plaintiff JOAN CIMO estimates that Defendant BERKLEY is indebted to Plaintiff in the amount of $4,699.05 which amount Defendant BERKLEY has refused to pay. This is only a portion of the wages owed to Plaintiff JOAN CIMO. Upon receipt of discovery from Defendant Plaintiff will calculate the total damages due.

12. Pursuant to Section 16(b) of the Act, Plaintiff JOAN CIMO is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff ORLANDO LAWRENCE demands judgment against Defendant BERKLEY for $30,194.39, Plaintiff JOAN CIMO demands judgment against Defendant Berkley for $4,699.05, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT II
**(ORLANDO LAWRENCE and JOAN CIMO vs. TOWER RESORTS REALTY, INC.)**

13. Defendant TOWER RESORTS REALTY, INC. (hereinafter TOWER), at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business at 3015 North Ocean Blvd, Suite 121, Fort Lauderdale, FL, where it has been engaged in the vacation and timeshare business.

14. At all times hereinafter mentioned, Defendant TOWER having been engaged in related activities performed through unified operation or common control for a common

business purpose: having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

15. At all times hereinafter mentioned, Defendant TOWER employed employees, including Plaintiffs who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203 (b) and (j)).

16. During the period from April, 2007 to April, 2010, Defendant TOWER, employed Plaintiff ORLANDO LAWRENCE in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate him for his employment in excess of 40 hours per week at a rate of at least one-half (½) and/or one and one-half (1½) times the regular rate at which he was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay him the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

17. During the period from September, 2009 to January 2010, Defendant TOWER employed Plaintiff JOAN CIMO, in the aforesaid enterprise for workweeks longer than 40 hours

and failed to compensate her for her employment in excess of 40 hours per week at a rate of at least one-half (½) and/or one and one-half (1½) times the regular rate at which she was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay her the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

18.  As a result of the underpayments of wages alleged above, Defendant TOWER, is indebted to Plaintiff ORLANDO LAWRENCE in the amount of the unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff ORLANDO LAWRENCE, and the compensation he received in workweeks in which excess hours were worked, are in exclusive possession and under the sole custody and control of the Defendant TOWER.

19.  As a result of the underpayment of wages alleged above, Plaintiff ORLANDO LAWRENCE estimates that Defendant TOWER is indebted to Plaintiff in the amount of $30,194.39, which amount Defendant TOWER refused to pay. This is only a portion of the wages owed to Plaintiff ORLANDO LAWRENCE. Upon receipt of discovery from Defendant Plaintiff will calculate the total damages due.

20.  Pursuant to Section 16(b) of the Act, Plaintiff ORLANDO LAWRENCE is entitled to the recovery of a reasonable attorney's fee.

21.  As a result of the underpayments of wages alleged above, Defendant TOWER is indebted to Plaintiff JOAN CIMO in the amount of the unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff JOAN CIMO and the compensation she received in workweeks in which excess

hours were worked, are in the exclusive possession and under the sole custody and control of the Defendant TOWER.

22. As a result of the underpayment of wages alleged above, Plaintiff JOAN CIMO estimates that Defendant TOWER is indebted to Plaintiff in the amount of $4,699.05 which amount Defendant TOWER has refused to pay. This is only a portion of the wages owed to Plaintiff JOAN CIMO. Upon receipt of discovery from Defendant Plaintiff will calculate the total damages due.

23. Pursuant to Section 16(b) of the Act, Plaintiff JOAN CIMO is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff ORLANDO LAWRENCE demands judgment against Defendant TOWER for $30,194.39, Plaintiff JOAN CIMO demands judgment against Defendant TOWER for $4,699.05, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT III
### (ORLANDO LAWRENCE and JOAN CIMO vs. ALWAYS TRAVEL WITH US, INC.)

24. Defendant ALWAYS TRAVEL WITH US, INC. (hereinafter ALWAYS), at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business at 3015 North Ocean Blvd, Suite 121, Fort Lauderdale, FL, where it has been engaged in the vacation and timeshare business.

25. At all times hereinafter mentioned, Defendant ALWAYS having been engaged in related activities performed through unified operation or common control for a common business purpose: having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or

materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

26.     At all times hereinafter mentioned, Defendant ALWAYS employed employees, including Plaintiffs who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203 (b) and (j)).

27.     During the period from April, 2007 to April, 2010, Defendant ALWAYS, employed Plaintiff ORLANDO LAWRENCE in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate him for his employment in excess of 40 hours per week at a rate of at least one-half (½) and/or one and one-half (1½) times the regular rate at which he was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay him the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

28.     During the period from September, 2009 to January 2010, Defendant ALWAYS employed Plaintiff JOAN CIMO, in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate her for her employment in excess of 40 hours per week at a rate of at least one-half (½) and/or one and one-half (1½) times the regular rate at which she was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to

pay her the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

29. As a result of the underpayments of wages alleged above, Defendant ALWAYS, is indebted to Plaintiff ORLANDO LAWRENCE in the amount of the unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff ORLANDO LAWRENCE, and the compensation he received in workweeks in which excess hours were worked, are in exclusive possession and under the sole custody and control of the Defendant ALWAYS.

30. As a result of the underpayment of wages alleged above, Plaintiff ORLANDO LAWRENCE estimates that Defendant ALWAYS is indebted to Plaintiff in the amount of $30,194.39, which amount Defendant ALWAYS refused to pay. This is only a portion of the wages owed to Plaintiff ORLANDO LAWRENCE. Upon receipt of discovery from Defendant Plaintiff will calculate the total damages due.

31. Pursuant to Section 16(b) of the Act, Plaintiff ORLANDO LAWRENCE is entitled to the recovery of a reasonable attorney's fee.

32. As a result of the underpayments of wages alleged above, Defendant ALWAYS is indebted to Plaintiff JOAN CIMO in the amount of the unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff JOAN CIMO and the compensation she received in workweeks in which excess hours were worked, are in the exclusive possession and under the sole custody and control of the Defendant ALWAYS.

33.     As a result of the underpayment of wages alleged above, Plaintiff JOAN CIMO estimates that Defendant ALWAYS is indebted to Plaintiff in the amount of $4,699.05 which amount Defendant ALWAYS has refused to pay.  This is only a portion of the wages owed to Plaintiff JOAN CIMO.  Upon receipt of discovery from Defendant Plaintiff will calculate the total damages due.

34.     Pursuant to Section 16(b) of the Act, Plaintiff JOAN CIMO is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff ORLANDO LAWRENCE demands judgment against Defendant ALWAYS for $30,194.39, Plaintiff JOAN CIMO demands judgment against Defendant ALWAYS for $4,699.05, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT IV
### (ORLANDO LAWRENCE and JOAN CIMO vs. BRUCE POLANSKY)

Plaintiffs repeat the allegations of paragraphs 1 through 34.

35.     Defendant BRUCE POLANSKY, is an officer of the corporations, actively participated in the business and exercised control over the functions of the employees.

36.     As a result of the under payment of wages alleged above, Plaintiff ORLANDO LAWRENCE calculates that Defendant BRUCE POLANSKY is indebted to Plaintiff in the total amount of $30,194.39, which amount Defendant BRUCE POLANSKY has refused to pay.

37.     Pursuant to Section 16(b) of the Act, Plaintiff ORLANDO LAWRENCE, is entitled to the recovery of a reasonable attorney's fee.

38.     As a result of the under payment of wages alleged above, Plaintiff JOAN CIMO calculates that Defendant BRUCE POLANSKY, is indebted to Plaintiff in the total amount of

Case 0:10-cv-61069-KMW   Document 1   Entered on FLSD Docket 06/24/2010   Page 11 of 11

Lawrence/Cimo vs. Berkley/Tower Resorts, etal
Complaint

$4,699.05, which amount Defendant BRUCE POLANSKY has refused to pay.

39. Pursuant to Section 16(b) of the Act, Plaintiff JOAN CIMO is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff ORLANDO LAWRENCE demands judgment against Defendant BRUCE POLANSKY for $30,194.39, Plaintiff JOAN CIMO demands judgment against Defendant BRUCE POLANSKY for $4,699.05, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

DATED THIS _24th_ day of June, 2010.

Respectfully submitted,

_____
Joseph Bilotta, Esquire
FBN: 0881414
JoeB@vassallobilotta.com
Vassallo, Bilotta, Friedman & Davis
1920 Wekiva Way, Suite 102
West Palm Beach, FL 33411
Ph: (561) 471-2800
Fx: (561) 471-2818
Attorneys for Plaintiffs,
(Lawrence and Cimo)

I Orlando Lawrence, consent to being named as a Plaintiff in this action

_____
ORLANDO LAWRENCE

I Joan Cimo, consent to being named as a Plaintiff in this action.

_____
JOAN CIMO