UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-61069-CIV-WILLIAMS

ORLANDO LAWRENCE, JOAN CIMO, and
SANDRA CRANE on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

THE BERKLEY GROUP, INC., TOWER
RESORTS REALTY, INC., ALWAYS
TRAVEL WITH US, INC., and BRUCE
POLANSKY, individually,

        Defendants.
_____/

## FINAL ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS

THIS MATTER is before the Court upon the Joint Motion for Approval of Stipulation of Settlement filed on March 29, 2012. [D.E. 151]. The Court has carefully considered the Motion, the Collective Action Settlement Agreement attached thereto [D.E. 151-1] and has otherwise been fully advised of the facts in this matter based on the arguments and presentations of counsel at the April 3, 2012 hearing.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Joint Motion for Approval of Stipulation of Settlement [DE 151] is **GRANTED.**

2.     For the reasons stated in open court, the Court finds the settlement to be fair and reasonable. The Stipulation of Settlement [DE 151-1] is therefore **APPROVED.** See *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).[1]

---

[1] The Court notes that Plaintiffs' counsel stated he did not believe approval under Lynn's Food Stores was necessary in this case, because the Parties assert that the Plaintiffs receiving funds are have been offered full compensation. "When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny." *Crooms v. Lakewood Nursing Ctr., Inc.*, 2008 U.S. Dist. LEXIS 10432, at *2 (M.D. Fla. Feb. 12, 2008). However, as certain compromises were certainly made during the mediation and settlement of this matter, and because certain Plaintiffs have objected to the settlement, have not responded or are receiving no payment, the Court finds a determination of the fairness of the settlement appropriate.

1

3. The claims of the following individuals who have executed releases and accepted the terms of the settlement are hereby **DISMISSED with prejudice**:

| | | | | |
|---|---|---|---|---|
| a. | Roland Auclair | y. | David Brian Kemp |
| b. | Latoya Beckford | z. | Anthony LaRosa |
| c. | Jason Bennett | aa. | Orlando Lawrence |
| d. | Katherine Berkery | bb. | Jaime Lopez |
| e. | Cheryl BeRossy | cc. | Claudia Marchello |
| f. | Anthony Bock | dd. | Bruce Mihok |
| g. | Jeffrey S. Boller | ee. | Peter Milana |
| h. | Scott Boukzam | ff. | George Mitchell |
| i. | Rachelle Burton | gg. | William Morocco |
| j. | Elyn Bushman | hh. | Spencer Peters |
| k. | Frank W. Bytautas | ii. | Norris Petty |
| l. | Denise Cardillo | jj. | Patrice Rezende |
| m. | Joan Cimo | kk. | Jon Ricardi |
| n. | Jonathan Clement | ll. | Aixa Rodriguez |
| o. | Camilla Comulada | mm. | Roy (Rogelio) Rodriguez |
| p. | Sandra Crane | nn. | Bill Ross |
| q. | Tammy Damron | oo. | Trevor Scott |
| r. | James D. Dietrich | pp. | Eric Severance |
| s. | Silvana Echeverri | qq. | Valerie Sherman |
| t. | Giancarlo Espinosa | rr. | Halina Shulina |
| u. | Michael A. Heller | ss. | Elliot Siegel |
| v. | Samuel Idas | tt. | Karen Sneed |
| w. | Alex Jawad | uu. | Jeffrey P. Stern |
| x. | Eddie Jimenez | vv. | Barry Wiener |

4. The claims of the following individuals, who were indentified on Exhibit 2 of the Collective Action Settlement Agreement, are **DISMISSED without prejudice**, and the statute of limitations for the claims asserted in this matter for these individuals shall be tolled up to and including May 7, 2012:

| | | | | |
|---|---|---|---|---|
| a. | Norman Amster | k. | Morrie Courtney |
| b. | James D. Banmiller | l. | Robert Crego |
| c. | Joanna Barrenche | m. | Gerald Crutcher |
| d. | Carolyn Birchelt | n. | Roberto Da Fonseca |
| e. | Daniel Blanco | o. | Archer Dawson |
| f. | Heather Brown | p. | Drew Drabing |
| g. | Nicole Carhart | q. | Paul Facey |
| h. | Salvatore Carrera | r. | Deanna Framson |
| i. | Cleofe Clare | s. | Allan Gelbman |
| j. | Steven Clare | t. | Michael Goldwire |

| | | | | |
|---|---|---|---|---|
| u. | Linda Grainger | | ss. | Brittany Persaud |
| v. | Betty L. Granados | | tt. | Briggitte Quilotte |
| w. | Michael Guttman | | uu. | Jack G. Rader, Jr. |
| x. | Fadi Hallak | | vv. | Patricia A. Rathgeb |
| y. | Omar Harris | | ww. | William Rickards |
| z. | Renand Jean | | xx. | Mayra Roberto |
| aa. | Danny W. Jennings | | yy. | Mabel Rodriguez |
| bb. | Daniel Jimenez | | zz. | Nancy J. Rovin |
| cc. | Raymond Jimenez | | aaa. | James Sabb |
| dd. | Kevin King | | bbb. | Lida Damaris Sanchez |
| ee. | Anastacia Lampathakis | | ccc. | Susan Schacter |
| ff. | Patricia Lea | | ddd. | George Shine |
| gg. | Doreen Lerner | | eee. | Janet M. Singer |
| hh. | Gary Lichten | | fff. | Kathy Smith |
| ii. | Omar Jose Lugo Hernandez | | ggg. | Nigel R. Smith |
| | | | hhh. | Mary Soren |
| jj. | Z. Jason Marcaida | | iii. | Elisa Stachnik |
| kk. | Jesus Martinez | | jjj. | Vitor Tournier |
| ll. | Diane Mazer | | kkk. | Manuel Vega |
| mm. | Anyelis Moya | | lll. | George W. Volk |
| nn. | Frank Mulero | | mmm. | Patience Watson |
| oo. | Jeannie Nelson | | nnn. | Theresa Watson |
| pp. | Fernando Ortiz | | ooo. | Estella Williams |
| qq. | Mario Pappadia | | ppp. | Robin Wise |
| rr. | Jake Pepe | | qqq. | Brenda Zayas |

5. The claims of the following individuals, who did not respond to the settlement offers, are **DISMISSED without prejudice**, and the statute of limitations for the claims asserted in this matter for these individuals shall not be tolled:

| | | | | |
|---|---|---|---|---|
| a. | Elias Athanasiadis | | m. | Mark Jewett |
| b. | Richard Bakker | | n. | Rakesh Mohanram |
| c. | Vicente Barcelos | | o. | Ignacio Murillo |
| d. | Margaret Barrett | | p. | Victoria Perlaza |
| e. | Sonia Cabrera | | q. | Diana Preciado |
| f. | Lee Carlson (Sulmonetti) | | r. | Sammie Savoie |
| g. | Boris Cherfas | | s. | Joseph Scarfuto |
| h. | Beverly Facey | | t. | Fatima Slotkin |
| i. | William Galinsky | | u. | Richard Stanley |
| j. | David Garcia | | v. | Melissa Vidro |
| k. | Erik Hamilton | | w. | Angela Zapata |
| l. | Catherine Haney | | | |

6. The claims of David Danforth, who rejected the terms of the proposed settlement

3

agreement, are **DISMISSED without prejudice**, and the statute of limitations for the claims asserted by Mr. Danforth shall be tolled up to and including May 7, 2012.

7. The Defendants shall have up to and including May 11, 2012 to submit payment to those individual identified in Paragraph 3.

8. This Court shall retain jurisdiction over this matter to enforce the terms of the Collective Action Settlement Agreement and to hear any other matters that may arise (as addressed with the Court during the April 3, 2012 hearing).

9. The Parties shall submit the issue of attorney's fees and costs pursuant to the Local Rules and as previously ordered by this Court.

**DONE AND ORDERED** in Chambers in Miami, Florida, this the 4th day of April, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record